No. 36,568

NEWTON D. HARRIS, *Appellee*, v. HATTIE HARRIS, *Appellant*.

(167 P. 2d 285)

Opinion filed April 6, 1946.

*A. Staneart Graham,* of Pittsburg, was on the briefs for the appellant.

*Guy W. Von Schriltz,* of Pittsburg, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff commenced an action to obtain a divorce. Defendant filed an answer and cross-petition. The trial resulted in a judgment in favor of the defendant, for a divorce, for the division of certain household goods and for the sum of $500 which was made a lien on plaintiff's real estate. Defendant changed counsel, who filed a motion for a new trial, in support of which she filed an affidavit which is mentioned later. Her motion for a new trial was denied, and in due time she gave notice of intention to appeal to this court, and in due time she perfected her appeal. In this court she filed an abstract which contains only the pleadings filed, the journal entry of judgment, the motion for a new trial bearing an endorsement, it was overruled, the affidavit mentioned, the notice of intention to appeal and the notice of appeal, with proof of service. The abstract contains no part of the testimony offered at the trial. The specification of errors is that the trial court erred in its ruling on the motion for a new trial, in rendering judgment giving her only the household goods and in not dividing the property of the parties equally between them.

We first notice appellee's motion that the appeal be dismissed because of the failure of appellant to procure a transcript of the evidence and file the same with the clerk of the district court, and to file an abstract of that evidence in this court. It has been made to appear that the court stenographer was not present and did not take stenographic notes at the trial. It does not appear that any effort was made by the appellant to procure a statement of the evidence approved by the trial judge. (See the analogous situation provided for by G. S. 1935, 60-3318.) The absence of the transcript and of the abstract does not warrant a summary dismissal of the appeal, although it may limit our consideration to questions the determination of which requires no recourse to the evidence.

A brief review of the pleadings discloses the following: In his petition plaintiff charged his wife with extreme cruelty and gross neglect of duty. He alleged he owned certain real estate on which was located a dwelling occupied by the parties and a filling station rented for $20 per month; that he was eighty-seven years of age and had cash in the bank amounting to $175 and some household furniture, and that defendant had some household furniture. The value of the real estate and of the household furniture is not alleged. He further alleged, that at the time of the marriage in 1943, he owned some real estate in the state of Arkansas valued at about $750 and during their married life it was conveyed to defendant's son, who held it for her benefit. He alleged that at the time of the marriage he had owned other real estate, the value of which was not stated, which had been sold, and about $1,000 of other property and all of the proceeds except the $175 mentioned had been spent by plaintiff and defendant during their married life. He prayed for a divorce and that he be declared to be the owner of the real estate. Defendant's answer and cross-petition contained a general denial except such matters as were expressly admitted. She alleged the marriage and that no children had been born. She charged plaintiff with extreme cruelty, and at some time her petition was amended by interlineation to charge that plaintiff was impotent and was so at the time of their marriage. She alleged that plaintiff and defendant were the owners of the property described in plaintiff's petition, but no values of any of it are alleged, and that she had no property of her own. She prayed for a divorce, a division of the property and permanent alimony.

As heretofore indicated, the court gave her judgment for divorce on the ground of impotency, and awarded her all of the household furniture except one heating stove, one kitchen table and chairs and linoleums, and the sum of $500.

The defendant's motion for a new trial charged abuse of discretion by the trial court, accident and surprise which could not be guarded against, that she was not afforded a reasonable opportunity to present her evidence, and other grounds which we may not consider in the absence of the evidence. The affidavit in support of the new trial is lengthy and contains what we assume to be defendant's version of what the evidence disclosed. The only matter alleged with reference to accident and surprise which could not be guarded against is that her husband had told her that some real estate in Oklahoma which he owned at the time of the marriage was encumbered in the amount of $200, but he had testified on the trial the encumbrance was $600, and that she had a letter which at the time of the trial was in Kansas City, in which he had said the encumbrance was $200; that she had no reason to believe he would change his position as to the encumbrance, but she had the letter. It would seem this was immaterial for it is conceded by the pleadings the real estate was sold, and the proceeds of it and other property had been spent except for the $175 which both pleaded plaintiff had when the action was commenced. The affidavit further stated defendant was sixty-six years of age; that she had poor eyesight and her spectacles no longer fitted her, and she did not know when her cross-petition was amended to charge impotency and that she did not desire a divorce on that ground. Without specification all other matters mentioned refer to the evidence offered on the trial and her explanation thereof.

In her brief appellant directs our attention to authority as to what constitutes impotency and when it must occur to be available as a ground of divorce. No purpose is served by reviewing any authority on the subject for we are without any abstract of the record and know nothing about the evidence offered. We cannot assume the trial court erred. Neither can we determine any question about when defendant's cross-petition was amended, nor when it must have been apparent to her that impotency as a ground for divorce was being asserted. Her affidavit makes it clear that she offered proof of some sort on the matter but just what it was we

cannot determine, nor may we consider just what her motive was in offering that proof, whatever it was.

Appellant also makes quite an argument that the trial court erred in not giving her more of the property. Again we are confronted with the fact we do not have before us any evidence as to its value. Our attention is directed to cases where this court held that allowances in particular instances were not adequate. We need not review them. In this case we know nothing about the value of the household furniture awarded to defendant, the value, as shown by the evidence, of the real estate allegedly conveyed to her son for her use and benefit, nor are we advised as to the value of the real estate and the stove, table, chairs and linoleum awarded to the plaintiff. The record submitted offers us no opportunity to review any question that the court did not treat her fairly in the judgment rendered.

The record does not disclose the trial court erred in denying a new trial, nor in the award made to the defendant, and its judgment is affirmed.

WEDELL, J. (opinion): Upon the record presented I find it utterly impossible to determine whether the judgment of the trial court should be affirmed or reversed or whether a new trial should have been granted. Appellant does not contend the pleadings entitled her to a different judgment. She claims the alimony judgment was inadequate and that a new trial should have been granted. It was appellant's duty to procure a transcript of the record if she desired to appeal and to furnish this court with an abstract from which it could determine the alleged errors. (*Baker v. Readicker,* 84 Kan. 489, 115 Pac. 112.) Appellant procured no transcript and has furnished no abstract from which this court can determine her complaints. Under these circumstances I am wholly unable to say whether the judgment of the trial court should be affirmed or reversed and, therefore, I withhold such judgment. In my opinion it is clear appellee's motion to dismiss the appeal should be allowed.